T.C. Summary Opinion 2001-185

UNITED STATES TAX COURT

CYNTHIA S. AL-MURSHIDI, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4230-00S.                    Filed December 13, 2001.

Cynthia S. Al-Murshidi, pro se.

Dustin M. Starbuck, for respondent.

POWELL, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

---

[1] Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $1,432 in petitioner's 1996 Federal income tax. After a concession by petitioner,[2] the issue is whether section 213(d)(9) (relating to the disallowance of certain surgical expenses) precludes a deduction for medical expenses paid by petitioner. Petitioner resided in Roanoke, Virginia, at the time the petition was filed.

## Background

The applicable facts may be summarized as follows. Petitioner suffered from severe obesity for a period of years prior to 1996. Without the aid of surgical intervention, petitioner lost over 100 pounds. As a result of the weight loss, petitioner developed a mass of loose-hanging skin which spanned the width of her abdomen and spilled over onto her upper thighs.

Petitioner was employed as a registered nurse at the Carilion Roanoke Community Hospital where she worked in the emergency room. Her duties called for frequent bending, running, and other physical activities. The skin mass prevented petitioner from comfortably performing her emergency room duties. Additionally, the mass was prone to skin breakdowns, sores, infections, pain, and irritation.

After the weight loss, petitioner underwent three surgeries to remove this skin mass. The first procedure utilized

_____

[2] Petitioner concedes that $787 of the amount claimed as medical expenses represents pretax payments for medical insurance and is therefore not deductible.

liposuction to remove 12 pounds of fat from the mass.  The second procedure removed the excess skin of the mass.  The final procedure was conducted to remove excess fluid which had collected between the skin and the abdominal muscles.

The statements submitted by the plastic surgeon who performed the surgery described the procedures as "cosmetic" in nature.  The procedures were not covered by petitioner's health insurance.  Petitioner paid for the surgeries and deducted the costs as medical expenses on her 1996 Federal income tax return.

Respondent determined that the expenses related to these surgical procedures were for "cosmetic surgery" of a type not considered "medical care" and therefore were not deductible under section 213.  The medical deductions as claimed and as allowed are as follows:

| Expense | Amount claimed | Amount allowed |
| --- | --- | --- |
| Medicine & drugs | $75 | $75 |
| Optical expenses | 240 | 240 |
| Dental expenses | 150 | 150 |
| Pre-tax insurance | 787 | -0- |
| Doctors/hospitals | 2,617 | -0- |
| Surgical expenses | 7,691 | -0- |

The "Doctors/Hospitals" and "Surgical expenses" disallowed by respondent both relate to the procedures discussed above. Although these claimed expenses total $10,308, petitioner only substantiated that she paid $7,631.28 for the disputed procedures.  At trial petitioner introduced no evidence from

which it could be determined that she incurred greater expenses than those substantiated.

## Discussion

In general, section 213(a) allows as an itemized deduction

> the expenses paid during the taxable year, not compensated for by insurance or otherwise, for medical care of the taxpayer * * * to the extent that such expenses exceed 7.5 percent of adjusted gross income.

Prior to 1990, it would appear that the expenses of the surgeries petitioner had would have been allowed under section 213(a). See Mattes v. Commissioner, 77 T.C. 650 (1981); see also Rev. Rul. 82-111, 1982-1 C.B. 48. In 1990, however, Congress enacted section 11342(a) of the Omnibus Budget Reconciliation Act of 1990, Pub. L. 101-508, 104 Stat. 1388-471, that added paragraph (9) to section 213(d). Section 213(d)(9) provides:

> (A) In general.--The term "medical care" does not include cosmetic surgery or other similar procedures, unless the surgery or procedure is necessary to ameliorate a deformity arising from, or directly related to, a congenital abnormality, a personal injury resulting from an accident or trauma, or disfiguring disease.

> (B) Cosmetic surgery defined.--For purposes of this paragraph, the term "cosmetic surgery" means any procedure which is directed at improving the patient's appearance and does not meaningfully promote the proper function of the body or prevent or treat illness or disease.

The Senate Finance Committee report[3] provides, inter alia:

---

[3] There was no formal report printed separately. Rather the report of the Senate Finance Committee was printed directly in the Congressional Record. See 136 Cong. Rec. S15629 (1990).

The bill provides that expenses paid for cosmetic surgery or other similar procedures are not deductible medical expenses, unless the surgery or procedure is necessary to ameliorate a deformity arising from, or directly related to a * * * disfiguring disease. * * * cosmetic surgery is defined as any procedure which is directed at improving the patient's appearance and does not meaningfully promote the proper function of the body or prevent or treat illness or disease.

Thus, under the provision, procedures such as hair removal electrolysis, hair transplants, lyposuction, and face lift operations generally are not deductible. In contrast, expenses for procedures that are medically necessary to promote the proper function of the body and only incidentally affect the patient's appearance or expenses for treatment of a disfiguring condition arising from a * * * disease (such as reconstructive surgery following removal of a malignancy) continue to be deductible * * *. [136 Cong. Rec. S15629, S15711 (1990).]

It is clear from the Senate Finance Committee report that Congress did not intend that the expenses of all so-called cosmetic surgeries would be nondeductible.

Respondent contends that, since the procedures were classified as cosmetic by petitioner's surgeon,[4] they were cosmetic for purposes of applying section 213(d)(9). Respondent argues that petitioner's skin mass is not "a deformity arising from, or directly related to, a congenital abnormality, a personal injury resulting from an accident or trauma, or disfiguring disease", and therefore, treatment for her condition

---

[4] Respondent also notes that petitioner's health insurance did not cover the surgical procedures. There may be many reasons for this, such as the policy exempted treatment for obesity. Thus, we do not find the lack of insurance coverage to be elucidating.

does not fall within the exception for deductible cosmetic procedures.  See sec. 213(d)(9)(A).

We disagree.  Petitioner was 100 pounds overweight and suffered from morbid obesity.  Obesity is well recognized in the medical community as a serious disease.  See National Heart, Lung, and Blood Inst., Natl. Inst. of Health, "Clinical Guidelines on the Identification, Evaluation, and Treatment of Overweight and Obesity in Adults", NIH Pub. No. 98-4083 (1998).  Furthermore, petitioner continued to suffer from the effects of this disease in the form of the above-described skin mass that was a deformity.  This mass was not merely unsightly, it was prone to infection and disease and interfered with petitioner's daily life.

The procedures that petitioner underwent meaningfully promoted the proper function of her body and treated her disease.  Despite the classification given to the procedures by the surgeon, we find that these procedures are not "cosmetic surgery" for purposes of section 213.  Sec. 213(d)(9)(B).  Petitioner's deduction, however, is limited to the amount of expenses that she substantiated.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered under Rule 155.